REQUESTED BY: Dear Senator:
You have requested our opinion as to whether or not L.B. 1 and L.B. 5, Eighty-fifth Legislature, First Special Session 1978, could both be enacted without resulting in conflict. L.B. 1 establishes a seven percent limitation on political subdivisions of the State of Nebraska commencing with the upcoming fiscal year. The limitation applies to the portion of the budget funded by ad valorem taxes. L.B. 5 establishes a limitation of five percent on the total budget of all political subdivisions for the fiscal year 1978-1979.
Each bill authorizes certain exceptions to the budget limitation where increases in population exceed stated percentages. In L.B. 1 the limitations concern those portions of the budget funded by property tax. L.B. 5 controls the entire budget from whatever source derived.
Both bills authorize an election for the purpose of authorizing the political subdivision to exceed the limit imposed by statute.
Each bill could operate independently. L.B. 1 would simply control budget increases in the portion of the budget funded by ad valorem taxes exceeding seven percent. As long as increases did not exceed seven percent of that portion of the budget, or a vote of the people authorized an increase of greater than seven percent, then such budget categories could increase as provided therein. L.B. 5 would however place a total limit of five percent on the increase of all budgets. As such it would include the ad valorem portion of the budget of any particular subdivision. Thus, it would in addition to the limitation expressed in L.B. 1 require that the total budget exceed the previous budget by no more than five percent. It is conceivable that a local subdivision could increase the ad valorem portion of a budget by seven percent yet not increase the total budget by more than five percent.
While the operation of both statutes might well cause substantial difficulties in practical terms, legally the statutes do not conflict with one another. As an example, it might require two votes any time a local subdivision desires to increase their budget by greater than the stated amounts, one vote to exceed the property tax portion by greater than seven percent and another vote to exceed the total budget limitation by greater than five percent. Such elections could result in the authorization to exceed one limitation but not the other limitation. That would present practical difficulties but we do not conceive of them to be legally so inconsistent as to be unconstitutional. A subdivision might be authorized to exceed its five percent budget limit but be unable to exceed the limit because they had no authority to exceed the seven percent property tax limit. In effect, that might well prohibit exceeding the budget as authorized if they were unable to secure funds from other sources in a greater amount. These problems however are of a practical nature and not of a legal nature.
It is therefore our opinion that both L.B. 1 and L.B. 5 could be enacted and could operate without such inconsistencies between one another as to make them violative of the Constitution of the State of Nebraska.